The judgment of the court was pronounced by
Eustis, C. J,
This is an appeal by the plaintiff from a judgment rendered on a reconventionnl demand made by the defendant, by which the bank was decreed to pay the sum of $3100, being the amount of certain protested bank notes of said bank held by the defendant, together with ten per cent per annum interest from the dates of the protests of said notes until paid, with costs of protest and suit.
The dates of the several protests are in April, 1843, at which time the bank had suspended specie payments. The bank resumed specie'payments on the 14th August, 1844; advertisements were made in the papers of the fact, and it was known to the defendant at the time it took place.
The argument of counsel has been directed to the error of the judge of the district court in allowing interest at ten per cent on the notes until paid. The judge thought himself bound to allow this interest, under the 20th section of the charter of the bank, which provided, that the bank shall not suspend or refuse payment in current currency of the United States, of any of its notes ; and if it should suspend or refuse, the holder of the note shall be entitled to l'eceive interest, from the time of the suspension until the note shall be paid, at the rate of ten per cent per annum.
The object of this statute was to maintain the standard value of bank notes, which at the time constituted the currency, by imposing a penalty on the bank whose notes should be depreciated by a refusal or delay in their payment on demand. When a bank which had suspended resumed its payments, and its bank notes were paid on demand at its counter, it is obvious, payment of them would cease to be demanded and the notes would resume their functions of circulation as a part of the currency. The object of the statute was then answered, and the penalty imposed could only be exacted for the time the bank was in default. Inasmuch as the moment the value the notes as circulation was attained the bank would have no power to take them up, it seems plain that the bank could no longer, in the eye of the law, be considered as being in default.
We think the construction given to the section of the charter quoted by the learned judge, was too technical, and consequently erroneous. A statute must be construed with reference to its object, to the legislation and system of which it forms a part, in order to ascertain its true meaning and intent; and if its purpose and well ascertained object are inconsistent with the precise words of a part, the latter must yield to the paramount and controlling influence of the will of the Legislature resulting from the whole. 6 Bacon’s Abridgment, verbo Statute, No. 5. The People v. The Utica Insurance Company, 15 Johnson, 380.
In the present case it does not appear that the bank, after its resumption of specie payments in August, 1844, ever had an opportunity of paying any of these notes; they were not deposited after the demand of payment, so that they could be paid with the interest due, and were probably made use of in circulation as money. Only in 1849 was a demand made for payment, which was coupled with a demand for the interest at ten per cent until paid, and it is at the instance of the bank itself that this matter is brought to a decision by a suit of jactitation. A stronger instance of the unjust and disastrous operation of the construction of the section of the charter given by the district court could not be given.
As we do not think that any of the provisions of the acts of the Legislature relating to the liquidation of the banks, affect the right to recover interest between the present parties, although the bank which is plaintiff went into liquidation *518 under these acts, yet as it resumed specie payments in August, 1844, it was no longer liable to pay interest on notes which it was at all times ready to pay. ipjje cjjal.ge 0f costs of protest, allowed by the district judge, is inadmissible, being in direct conflict with the act of 11th March, 1842. Statutes of 1842 p. 230. This act provides, that the costs of protest of this kind shall not be recovered. The judgment of the district court allowing interest subsequent to the 14th August, 1844, and costs of protest, will have to be changed.
It is therefore ordered, adjudged and decreed, that the judgment of the court below be reversed. It is further ordered, that the defendant, John B. Foster, recover from the plaintiff, the Commercial Bank of Nexo Orleans, the sum of $3100, with interest at the rate of ten per cent per annum on $500, part of said sum, from the 15th of April, 1843, to the 14th of August, 1844; and ou the balance, $2600, from the 17th of April, 1843, to the 14ih of August, 1844, at the same rate, with costs of the court below; the costs of this appeal to be paid by the defendant and appellee.